**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BUFFALO CAB CO., Inc., Respondent.**

No. 71–2901
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 20, 1972.

Rehearing Denied June 21, 1972.

**500**

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Walter C. Phillips, Director, N.L.R.B., Region 10, Atlanta, Ga., Peter G. Nash, Gen. Counsel, Leonard M. Wagman, Kenneth B. Hipp, Attys., N.L.R.B., for petitioner.

Michael J. Reilly, Atlanta, Ga., for respondent.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

■ The National Labor Relations Board petitions the Court for enforcement of its order [1] against Buffalo Cab Company (the Cab Company) of Atlanta, Georgia, which adopted the decision of one of its Trial Examiners, finding the Cab Company guilty of unfair labor practices under Section 8(a) (1) of the Act in connection with the discharge of one of its drivers, and requiring the Cab Company to take the following action to effectuate the policies of the Act: (a) offer the driver full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position; (b) make the driver whole for any loss of pay suffered as a result of the discrimination; (c) to preserve and upon request to make available to the Board for examination the Company records necessary to analyze the amount of back pay due under the order; (d) post appropriate notices; and (e) notify the Regional Director of the steps taken to comply therewith within twenty days from the decision.

The Cab Company's contest of the right to enforce the NLRB order centers around the question of whether its drivers are employees or "independent contractors", the question whether it is engaged in interstate commerce, as well as a dispute whether the driver was discharged for engaging in concerted activities, as found by the Trial Examiner,

rather than for the ground asserted by the Company, that the owner-driver was behind in his payments for his cab. The decisions by the Trial Examiner adopted by the Board, that the driver was discharged for engaging in concerted activities and that the reason given by the Cab Company to explain the discharge was a pretext, that the Cab Company was engaged in interstate commerce, and his further decision that the owner-driver was not an independent contractor, each represent credibility choices supported by substantial evidence. Our scope of review does not permit us to disturb these legitimate credibility choices.

The decision and order of the National Labor Relations Board is

Enforced.

---

1. The Board's decision and order are reported at 189 NLRB No. 66 (March 29, 1971).

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.